## SWAN LAKE MOULDING COMPANY v.
## DEPARTMENT OF REVENUE

Ernest F. Gordon, Ganong, Ganong & Gordon, Klamath Falls, represented plaintiff.

Theodore W. de Looze, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered December 18, 1969.

EDWARD H. HOWELL, Judge.

The only issue in this case is the true cash value of certain commercial land belonging to plaintiff in Klamath Falls. The value of the improvements on plaintiff's land is not in dispute.

The property, consisting of three tax lots, was valued by the county assessor at $639,150 for the tax year 1968-69. Plaintiff appealed the assessor's valuation to the Klamath County Board of Equalization and the board reduced the value to $181,955. The assessor appealed the board's action to the Department of Revenue. At the hearing before the department the appraiser for Klamath County testified that his appraisal study showed a true cash value of $563,850 for the subject land. The Department of Revenue found that the assessor's study, based on

comparable sales in the area, justified the value of $563,850 and affirmed the assessor's finding.

The plaintiff's land lies on the south side of South Sixth Street approximately two miles from downtown Klamath Falls. The district appears to be a rapidly growing area and South Sixth Street is a heavily traveled street with approximately 25,000 cars traveling the street per day. A new shopping area, recently built across the street from plaintiff's property, appears to be one of the busiest and most attractive shopping areas in southern Oregon.

The plaintiff's property is triangular shaped with 3000 feet of frontage on South Sixth Street. It is 680 feet deep at the widest point and narrows down to 30 feet. The rear of the property is bounded by the Oregon California and Eastern railroad tracks. While the value of the improvements is not involved, various commercial and industrial buildings, including a ready-mix concrete plant, second hand store, moulding plant, and a feed store, are located on the property. Most of the buildings are old and show substantial depreciation; however, a restaurant and a large new motel have been recently constructed on part of the property.

The plaintiff's expert appraiser, using the income approach, found the true cash value of plaintiff's land to be $241,668. In using the income approach the plaintiff's appraiser followed the land residual method.[1] He also concluded that the prop-

[1] *The Approval of Real Estate*, 5th Ed, published by the American Institute of Real Estate Appraisers, has the following to say regarding use of the land residual method in valuing land:

"The land residual method should be used with care in evaluating a site. The appraiser's choice of highest and best use can result in a wide difference in the net income assigned to the land. If the rate or rates of capitalization are slightly

erty was presently being used for its highest and best use and that plaintiff was receiving an economic rent from the property.⑨

The appraiser for Klamath County used the market data approach to true cash value and relied to a large extent on sales directly across the street from plaintiff's property. In some of the sales the plaintiff was the purchaser or the seller. Many of the sales were the result of the construction of the large new shopping center. The sales ranged from $1.70 to $3.70 per square foot for property on South Sixth Street for a depth of 175 feet. Sales of other parcels not fronting on South Sixth Street ranged from $13,000 to $17,000 per acre.

In comparing the other sales to plaintiff's property the county appraiser concluded that plaintiff's land was less desirable because of its triangular shape, poorer access and the location of the railroad tracks on the rear of the property. Consequently, he valued plaintiff's property with frontage on South Sixth Street at $1.00 per square foot and $10,000 per acre for the rear portion. These values are substantially less than the recent sales prices of the properties directly across the street from plaintiff's land.

varied, either higher or lower, the final result will change substantially.

"* * * It is useful either as a check against the market data approach or as the principal means of estimating land value when the market data method is inconclusive. * * *

"* * * * *

"* * * The land residual method is applicable principally to income-producing sites, either as a check against the market data method, or as the major consideration when adequate market data is lacking." pp. 128-130.

⑨ With the exception of the large new motel and restaurant it is doubtful if the plaintiff's land is presently being used at its highest and best use. The buildings, including the second hand store, fish market and fruit stand, among others, are old and of cheap construction and in need of repair.

The plaintiff disagrees with the assessor's use of the market data approach based on sales of comparable property in the immediate area and contends that the income received from the property does not justify the assessor's valuation of $563,850. However, many of the buildings are old, of low cost construction and substantially depreciated. Obviously the condition of the buildings will affect the amount of income from the rentals.

The plaintiff contends that certain service roads located on the property should be considered separately and a lower valuation assigned to the roads. The plaintiff's president testified that the roads are used by the public and the tenants for access to the various commercial establishments located on plaintiff's land. He testified that in his opinion the roads had become public roads. However, he also stated that he was not seeking an exemption for the roads, only a reduction in value. If the roads were public roads, which is doubtful, then they should be removed from the rolls, not reduced in value. The roads provide a means of access to the various commercial establishments on plaintiff's land and in this respect they are similar to access provided to any shopping or business area whether the access constitutes a large paved open space or well-defined roads. The roads should be considered a part of the whole parcel and a reduction is not justified.

■ The recent sales in the area, some of which involved the plaintiff, clearly support the value found by the county appraiser and affirmed by the Department of Revenue.

The order of the Department of Revenue is affirmed.